## D. J. Gallagher et al., Appellants, v. The City of Philadelphia.

*Contract—Question for jury as compliance with sample.*

Under a contract to deliver a certain manufactured blank book of a specified brand of paper and " sewed with extra heavy thread equal to sample in every respect," the vendee is entitled to receive the thing contracted for in every respect but he cannot withdraw the sample and require the contractor to make one exactly similar to it in an unimportant detail. The identity of the paper and compliance with the specifications in regard to binding are questions for the jury.

Argued Dec. 12, 1898. Appeal, No. 14, Oct. T., 1898, by plaintiffs, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1896, No. 905, on verdict for defendant. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit to recover the sum of $277 with interest on a book account for furnishing and printing certain books for the Bureau of Gas of Philadelphia.

It appears from the evidence that plaintiffs furnished books to the Bureau of Gas to the value of $277 with the following contract orders: "100 meter inspector street books 200 leaves each; paper Whiting Standard Ledger, 22 pounds, Crown Bound, as follows: Full American Russia, sewed with extra heavy thread, on two extra heavy bands, paper and binding to be fully equal to sample shown in every particular." The Bu-

reau of Gas refused to accept the books on the ground that they were not in accordance with the specification. At the trial the plaintiffs testified that the goods were manufactured and delivered in accordance with the said orders, as a sample order, and on cross-examination it appeared that the paper specified in said orders was " Whiting's Standard Ledger " and that the books furnished were of " Whiting's Linen Ledger." The testimony indicated some slight difference in the binding. The plaintiffs made the following offer, which upon objection by defendant was overruled, with exception to plaintiffs :

[I offer to prove by this witness that he is an employee of the Whiting Paper Company, and that the Whiting Paper Company were the manufacturers of a paper known as and watermarked as " Standard Linen Ledger," and that the watermark and name " Standard Linen Ledger " was abolished and the watermark " Whiting Linen Ledger " substituted therefor, and that the paper known as the " Whiting Linen Ledger " is the identical paper as that which had been known as the " Whiting Standard Linen Ledger."] [1]

[An offer also was made by the plaintiffs which was overruled with exception to plaintiffs to show that the books as bound and delivered were fully equal to the sample shown.] [2]

The court below directed judgment of nonsuit, which it subsequently refused to take off.

*Errors assigned* were (1, 2) refusing plaintiffs' offers of testimony. (3) In entering judgment of nonsuit. (4) In refusing to take off judgment of nonsuit.

*Frederick J. Lambert,* for appellants.—It is believed that, after a careful research, no case bearing directly on this state of facts has ever arisen in Pennsylvania, but in New York practically the exact facts were passed on in Pollen v. LeRoy, 30 N. Y. 549.

At the trial the plaintiffs offered to prove by expert book binders that the books furnished by plaintiffs were in point of fact " fully equal to sample shown " with regard to the binding, and this testimony was excluded.

In view of the fact that the sample book furnished by the Bureau of Gas was not allowed to remain with plaintiffs pend-

ing the completion of the work, it would be unjust and inequitable to say that the books could be refused because they were not exactly and in every detail facsimiles of a book which was not before the manufacturers.

*Chester N. Farr, Jr.*, with him *Leonard Finletter*, assistant city solicitors, and *John L. Kinsey*, city solicitor, for appellee. —An intentional departure in any respect from the specifications or contract will prevent a recovery: Tool Co. v. Wilson, 123 Pa. 19.

In Wilkinson v. Becker, 155 Pa. 194, the learned judge of the court below thus illustrates the principle: "If a man wants to have brass hinges on his door for any reason, foolish or otherwise, he has a right to see that he is furnished brass hinges." When a man has wilfully defaulted in the substantial performance of an entire contract he may not recover to the extent of his part performance: Martin v. Schoenberger, 8 W. & S. 367.

If a contractor is allowed to depart from his contract and furnish what he thinks just as good, it would result in departments of the city being compelled to have an expert for each kind of supplies required.

OPINION BY ORLADY, J., February 17, 1899:

The plaintiff sued to recover the amount of his contract price for furnishing and printing certain books for the Bureau of Gas of the city of Philadelphia. The articles to be furnished were described in orders given to the plaintiff, and, when delivered by him, were refused by the city, on the ground that they were not in accordance with the specifications. On the trial it appeared, that the paper, which was described in the orders as "Whiting Standard Ledger, 22 pounds" was not manufactured any longer under that distinguishing watermark name, and the plaintiff offered to prove that the makers of that brand of paper had abolished the name "Whiting Standard Ledger," and adopted in its place the watermark name of "Whiting Linen Ledger," and, that the paper used in the books was the identical kind as that described in the specifications as "Whiting Standard Ledger." The evidence was rejected under objection. It further appeared, that the books when tendered were bound

with three binding stitches, and in the sample book there were four such stitches. The plaintiff testified that the sample book given to him, as a guide for binding, had been recalled by the gas office before he began the binding of the books, and he offered to prove that the books furnished were "equal in quality to the sample shown to him, and were fully equal to the sample shown in every respect." On objection being made, the court stated, "It makes no difference if it was as strong or stronger, if he contracted to furnish a book with four stitches, and delivered one with only three, he did not comply with his contract," and excluded the evidence, and on motion of defendant's counsel entered a judgment of nonsuit. The specifications called for books " of paper, Whiting Standard Ledger, 22 pounds," "sewed with extra heavy thread, on two extra heavy bands, paper and binding to be fully equal to sample shown in every particular." The number of stitches to be used was not specified, but the finished work should be, as to the paper and binding, "fully equal to the sample shown in every particular." The name given to the required paper distinctly designated a particular and special make and quality. It was a trade description of excellence, which was recognized as determining a certain grade of paper, and it was nothing more. The water-mark gave no quality to the paper, it was only evidence of it. The offer was to prove that the identical paper, specified by mark, weight and quality, had been supplied, and that there had not been any substitution of paper, variation or default by him in any particular. The recall of the sample book prevented the plaintiff from making the binding a counter part of the sample, and the offer was to show that the finished book fully met the requirements of the specifications. The defendant was entitled to receive the thing contracted for, and was not required to accept a substitute of inferior quality, but it could not withdraw the sample to be followed and at the same time require the contractor to make one exactly similar to it in an unimportant detail. The identity of the paper and compliance with the specifications in regard to the binding were for a jury. The evidence should have been received.

The judgment is reversed and a venire facias de novo awarded.